Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

THOMAS OLIVARES, individually and on behalf of all others
similarly situated,

**COLLECTIVE ACTION COMPLAINT**

Plaintiff,

-against-

**JURY TRIAL DEMANDED**

KEMPER CORPORATE SERVICES, INC., "ABC
CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT,
name of the corporation being fictitious and unknown to
Plaintiffs,, and BEN BARRAGAN, as an individual,

Defendants.

-----------------------------------------------------------------------X

1. Plaintiffs, **THOMAS OLIVARES,,** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## **PRELIMINARY STATEMENT**

2. Plaintiff, **THOMAS OLIVARES,** through undersigned counsel, brings this action against **KEMPER CORPORATE SERVICES, INC., "ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT, name of the corporation being fictitious and unknown to Plaintiff, and BEN BARRAGAN, as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment by Defendants.

3. Plaintiff THOMAS OLIVARES was employed by Defendants from in or around March 2014 until in or around September 2018.

4. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00.   Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff THOMAS OLIVARES resides at 8621 96th Street, Woodhaven, New York 11421, and was employed by Defendants from in or around March 2014 until in or around September 2018.

10. Upon information and belief, Defendant, KEMPER CORPORATE SERVICES, INC., is a corporation organized under the laws of Illinois with a principal executive office at 200 East Randolph Street, Chicago, Illinois 60601.

11. Defendant, KEMPER CORPORATE SERVICES, INC., is a corporation authorized to do business under the laws of Illinois.

12. Upon information and belief, Defendant, "ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT, is a corporation organized under the laws of New York with a principal executive office at 1 Thayer Lane, Sands Point, New York 11050.

13. Upon information and belief, Defendant, "ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT, is a corporation authorized to do business under the laws of New York.

2

14. Defendant BEN BARRAGAN is the General Manager of "ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT.

15. Defendant BEN BARRAGAN is an agent of "ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT.

16. Defendant BEN BARRAGAN has power over personnel decisions at "ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT.

17. Defendant BEN BARRAGAN has power over payroll decisions at the "ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT.

18. Defendant BEN BARRAGAN has the power to hire and fire employees, including the Plaintiff, establish and pay their wages, set their work schedule, and maintain their employment records at "ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT.

19. During all relevant times herein, Defendant BEN BARRAGAN was Plaintiff's employer within the meaning of the FLSA and NYLL.

20. Defendant KEMPER CORPORATE SERVICES, INC. was directly responsible for management of VILLAGE CLUB OF SANDS POINT.

21. Defendant KEMPER CORPORATE SERVICES, INC. was responsible for issuing payment to the Plaintiffs.

22. At all times relevant to this action, the Corporate Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times relevant to this action, the Corporate Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and jointly employed Plaintiff.

24. Upon information and belief, KEMPER CORPORATE SERVICES, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

25. Upon information and belief, "ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

26. Plaintiff THOMAS OLIVARES was employed by Defendants from in or around March 2014 until in or around September 2018.

27. During Plaintiff THOMAS OLIVARES' employment by Defendants, Plaintiff was a restaurant worker and server, while performing other miscellaneous duties from in or around March 2014 until in or around September 2018.

28. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or March 2014 until in or around September 2018.

29. Plaintiff THOMAS OLIVARES was paid by Defendants approximately $10.00 per hour in or around 2014, approximately $10.50 per hour in or around 2015, approximately $11.00 per hour from in or around January 2016 until in or around March 2018, and approximately $12.50 per hour from in or around April 2018 until in or around September 2018.

30. Plaintiff THOMAS OLIVARES was not paid for approximately five to ten (5-10) hours of straight time per week for hours worked from in or around March 2014 until in or around September 2018.

31. Defendants failed to pay Plaintiff THOMAS OLIVARES the legally prescribed minimum wage for his hours worked from in or around March 2014 until in or around September 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

32. Although Plaintiff THOMAS OLIVARES worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in

or around March 2014 until in or around September 2018, Defendants did not pay Plaintiff time and a half (1.5) for approximately five to ten (5-10) hours worked over forty (40) per week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Furthermore, Plaintiff THOMAS OLIVARES worked approximately eleven (11) or more hours per day, three (3) days a week from in or around March 2014 until in or around September 2018, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

34. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

35. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

36. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

38. Collective Class: All persons who are or have been employed by the Defendants as busboys and servers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

39. Upon information and belief, Defendants employed approximately more than 25 employees within the relevant time period who were subjected to similar payment structures.

40. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

41. Defendants' unlawful conduct has been widespread, repeated, and consistent.

42. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

43. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

44. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

45. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

46. The claims of Plaintiff are typical of the claims of the putative class.

47. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

48. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

49. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

50. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

51. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

52. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

53. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

54. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

55. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

56. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

57. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

58. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

59. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Minimum Wages Under The Fair Labor Standards Act**

60. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

61. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

62. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

63. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

64. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

65. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

66. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

67. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
**Minimum Wages Under New York Labor Law**

68. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

69. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

70. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

71. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

72. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

73. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

76. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

78. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

79. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

80. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

81. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

82. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid minimum wages;

d. Awarding Plaintiff unpaid spread of hours compensation;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This \_\_11th\_\_ day of March 2020,

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS OLIVARES, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

KEMPER CORPORATE SERVICES, INC., "ABC CORPORATION" d/b/a VILLAGE CLUB OF
SANDS POINT, name of the corporation being fictitious and unknown to Plaintiffs, and BEN
BARRAGAN, as an individual,

Defendants.

COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

TO:

KEMPER CORPORATE SERVICES, INC.
200 East Randolph Street
Suite 3300
Chicago, Illinois 60601

"ABC CORPORATION" d/b/a VILLAGE CLUB OF SANDS POINT
1 Thayer Lane
Sands Point, New York 11050

BEN BARRAGAN
1 Thayer Lane
Sands Point, New York 11050